STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24-CVS-____

E-EMPHASYS TECHNOLOGIES, INC.,

Plaintiff,

v.

EQUIPMENTSHARE.COM INC. AND
INNOVATIVE EQUIPMENT SERVICES 2
LLC d/b/a CASE POWER & EQUIPMENT
OF FLORIDA,

Defendants.

**COMPLAINT**

NOW COMES Plaintiff e-Emphasys Technologies, Inc. ("e-Emphasys"), by and through

its undersigned attorneys, and complaining of Defendants EQUIPMENTSHARE.COM INC.

("EquipmentShare") and Innovative Equipment Services 2 LLC d/b/a Case Power & Equipment

of Florida ("Innovative Equipment Services"), hereby alleges and states as follows:

**<u>INTRODUCTION</u>**

1.      This lawsuit arises out of a written contract between e-Emphasys and named party

Case Power & Equipment of Florida (hereinafter "Case Power") for e-Emphasys's software and

services.  After executing the contract and receiving e-Emphasys's services, Case Power abruptly

stopped paying e-Emphasys's invoices.  Upon information and belief, Case Power stopped paying

because EquipmentShare, the company that owns and controls Case Power, developed its own

software and services that are similar to e-Emphasys's.  While this development may have

eliminated Case Power's need for e-Emphasys's software and services, the contract remains valid

1

Electronically Filed Date: 6/11/2024 2:09 PM Wake County Clerk of Superior Court

and enforceable. Therefore, e-Emphasys is entitled to payment for all amounts due and owing under the contract.

## THE PARTIES

2. e-Emphasys is a North Carolina corporation that provides dealer management software and related services. e-Emphasys is registered and authorized to do business in North Carolina with a principal place of business in Cary, Wake County, North Carolina.

3. Upon information and belief, EquipmentShare is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, EquipmentShare maintains a registered office located at 1209 Orange Street, Wilmington, Delaware, 19801. Upon information and belief, EquipmentShare's registered office in Missouri is located at 120 South Central Avenue, Clayton, Missouri 63105, and its principal office is located at 5710 Bull Run Drive, Columbia, Missouri 65201-2860.

4. Upon information and belief, Innovative Equipment Services is a Missouri limited liability company. Upon information and belief, Innovative Equipment Services, like EquipmentShare, maintains a registered office located at 120 South Central Avenue, Clayton, Missouri 63105 and a principal office at 5710 Bull Run Drive, Columbia, Missouri 65201-2860.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this action pursuant to, inter alia, N.C. Gen. Stat. §§ 7A-240 and 7A-243, and the Superior Court is the appropriate forum for this action because e-Emphasys is seeking damages and relief in excess of $25,000.00.

6. This Court has personal jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.4(1) and (5) and Defendants' requisite minimum contacts with the State of North Carolina.

7. Specifically, Defendants have substantial and general local contacts with North Carolina relating to and giving rise to e-Emphasys's claims. Upon information and belief:

  a. EquipmentShare's officers, agents and/or employees initiated communications with e-Emphasys located in North Carolina, by telephone, email, and other written correspondence in connection with the contract;

  b. EquipmentShare's officers, agents and/or employees participated in conference calls and email exchanges with e-Emphasys in North Carolina to discuss and negotiate the contract;

  c. The contract was entered into in North Carolina and is governed by North Carolina law;

  d. The contract was negotiated and signed by EquimentShare representatives;

  e. Innovative Equipment Services/Case Power sent payments directly to North Carolina for invoices issued under the contract;

  f. The harm suffered by e-Emphasys as a result of EquipmentShare's domination and control over Innovative Equipment Services and/or Case Power, as well as Innovative Equipment Services/Case Power's failure to meet its contractual obligations to e-Emphasys occurred in North Carolina; and

  g. EquipmentShare is regularly engaged in business and has a physical office located in North Carolina.

8. e-Emphasys's claims against Defendants arise out of and relate to Defendants' substantial activities within North Carolina.

3

9. Defendants' activities in North Carolina satisfy both North Carolina's long-arm statute and the minimum requirements of the Due Process clause of the Fourteenth Amendment to the United States Constitution.

10. Venue is appropriate and proper pursuant to N.C. Gen. Stat. § 1-82 because e-Emphasys is located in Wake County, North Carolina.

11. e-Emphasys has filed this action within all applicable statutes of limitation and repose, and all conditions precedent have been satisfied and/or occurred.

## FACTUAL ALLEGATIONS

*EquipmentShare's Domination and Control Over Innovative Equipment Services/Case Power*

12. Upon information and belief, in December 2021, EquipmentShare acquired substantially all of the assets, equipment fleet, and operations of the Trekker Group's six Trekker Tractor locations. EquipmentShare then rebranded, integrated, and used those assets and operations to launch Case Power.

13. Upon information and belief, in preparation for the launch of Case Power, EquipmentShare organized Innovative Equipment Services on January 15, 2020. Subsequently on January 19, 2022, EquipmentShare's CEO, Jabbok Schlacks ("Schlacks"), signed an application to register Case Power as a fictitious name on behalf of Innovative Equipment Services.

14. Upon information and belief, since the date of Case Power's launch, EquipmentShare has exercised actual control over Innovative Equipment Services/Case Power and operated Innovative Equipment Services/Case Power as a mere instrumentality of EquipmentShare.

15. Upon information and belief, EquipmentShare and Innovative Equipment Services share the same registered office in Missouri, located at 120 South Central Avenue, Clayton,

4

Missouri 63105, and the same principal office, located at 5710 Bull Run Drive, Columbia, Missouri 65201-2860.

16. Upon information and belief, EquipmentShare has used its name and Case Power's name interchangeably.

17. Upon information and belief, Schlacks owns a percentage of Innovative Equipment Services and/or serves Innovative Equipment Services in a managerial capacity.

18. Upon information and belief, EquipmentShare has also organized the following 21 entities:

    a. Innovative Equipment Services Management LLC;

    b. Innovative Equipment Services LLC;

    c. Innovative Equipment Services 3, LLC;

    d. Innovative Equipment Services 4, LLC;

    e. Innovative Equipment Services 5, LLC;

    f. Innovative Equipment Services 6, LLC;

    g. Innovative Equipment Services 7, LLC;

    h. Innovative Equipment Services 8, LLC;

    i. Innovative Equipment Services 9, LLC;

    j. Innovative Equipment Services 10, LLC;

    k. Innovative Equipment Services 11, LLC;

    l. Innovative Equipment Services 12, LLC;

    m. Innovative Equipment Services 13, LLC;

    n. Innovative Equipment Services 14, LLC;

    o. Innovative Equipment Services 15, LLC;

p.  Innovative Equipment Services 16, LLC;

q.  Innovative Equipment Services 17, LLC;

r.  Innovative Equipment Services 18, LLC;

s.  Innovative Equipment Services 19, LLC;

t.  Innovative Equipment Services 20, LLC; and

u.  Innovative Equipment Services 21, LLC (collectively, along with Innovative Equipment Services 2, LLC, the "Innovative Equipment Services Entities").

19.  Upon information and belief, the Innovative Equipment Services Entities are mere shell companies, through which EquipmentShare has excessively fragmented its business.

### *e-Emphasys's Agreement with Case Power*

20.  e-Emphasys and Case Power are the named parties to a Master Subscription Agreement dated December 16, 2021 (the "MSA").

21.  Pursuant to the MSA, e-Emphasys agreed to provide Case Power software and related services in connection with its dealership operations, and Case Power agreed to pay e-Emphasys for all fees related to such software and services.

22.  The MSA states that Case Power "shall pay all fees specified in all Order Forms[.]" It further provides in relevant part that all "fees are based on services purchased and not actual usage", "payment obligations are non-cancelable and fees paid are non-refundable", and "the number of User subscriptions purchased cannot be decreased during the relevant subscription term stated on the Order Form."

23.  Under the MSA, Case Power was required to "pay User Fees quarterly in advance and otherwise in accordance with the payment schedule specified in the relevant Order Form. Unless otherwise stated in the Order Form, invoiced charges are due net 30 days from the invoice

6

date." The MSA provides that if Case Power failed to submit payment for charges by their due date, then at e-Emphasys's discretion, "such charges may accrue late interest at the rate of 1.5% of the outstanding balance per month, or the maximum rate permitted by law, whichever is lower, from the date such payment was due until the date paid . . . ."

24. Moreover, if the amount owed by Case Power under the MSA or any other agreement for e-Emphasys's services is "30 or more days overdue", the MSA allowed e-Emphasys to "accelerate [Case Power's] unpaid fee obligations under such agreements so that all such obligations become immediately due and payable, and [to] suspend Services until such amounts are paid in full."

25. Either party could terminate the MSA for cause "upon 30 days written notice to the other party of a material beach if such breach remains uncured at the expiration of such period . . . ."

26. Moreover, upon termination of the MSA by e-Emphasys, the MSA requires Case Power to "pay any unpaid fees covering the remainder of the term of all Order Forms after the effective date of termination."

27. The MSA states that "[i]n no event shall any termination relieve [Case Power] of the obligation to pay any fees payable to [e-Emphasys] for the period prior to the effective date of termination."

28. The MSA provides that if the MSA is terminated "for any reason other than terminated by [Case Power] for Cause, prior to the end of the Initial Term . . . [Case Power] shall promptly pay [e-Emphasys] all the fees for the remaining of the then current subscription term as Early Termination Fees."

29. Finally, the MSA provides that "[i]n the event of litigation relating to breach of this Agreement, the non-prevailing party shall pay on demand all of the reasonable attorney fees and other costs incurred by the prevailing party."

### *EquipmentShare's Direct Involvement in the MSA*

30. The MSA purports to be between e-Emphasys and Case Power.

31. Upon information and belief, Case Power is a fictitious business name rather than a distinct legal entity.

32. As of the date of the MSA, Schlacks and Innovative Equipment Services had not yet filed the application to register Case Power as a fictious business name.

33. In the MSA, the "customer contact" provided for Case Power was Jake Marshall, and the email address listed for Jake Marshall ended in "@equipmentshare.com."

34. Upon information and belief, as of the date of the MSA, Jake Marshall worked for EquipmentShare as an operations controller.

35. Ronald Salberg signed the MSA on behalf of Case Power as "Director Procurement."

36. Upon information and belief, on the date of the MSA, Ronald Salberg was EquipmentShare's Director of Procurement.

37. Upon information and belief, on the date of the MSA, Ronald Salberg had an email address ending in "@equipmentshare.com"

38. An "e-Emphasys Order Form" signed by Ronald Salberg is attached to the MSA as Exhibit A.

39. In Exhibit A to the MSA, the parties are referred to as "EET" and "EQS." "EET" refers to e-Emphasys Technologies, Inc., and "EQS" refers to EquipmentShare.

8

40. Upon information and belief, EquipmentShare has used its name and Case Power's name interchangeably.

### *Breach of the MSA*

41. On or about March 8, 2022, Innovative Equipment Services/Case Power made an advance payment to e-Emphasys pursuant to the MSA.

42. However, following the advance payment made on or about March 8, 2022, Innovative Equipment Services/Case Power stopped paying amounts owed to e-Emphasys pursuant to the MSA.

43. Innovative Equipment Services/Case Power has improperly withheld payment from e-Emphasys in an amount of not less than $560,700.00 for the software and related services provided by e-Emphasys.

44. Innovative Equipment Services/Case Power stopped paying amounts owed to e-Emphasys without explanation.

45. Moreover, Innovative Equipment Services/Case Power did not attempt to terminate the MSA prior to stopping payment.

46. Innovative Equipment Services/Case Power stopped paying amounts owed to e-Emphasys at or around the same time that The Victor L. Phillips Company, another company owned and controlled by EquipmentShare, stopped paying amounts owed to e-Emphasys under a separate but similar contract.

47. Upon information and belief, EquipmentShare has its own software as a service solution that operates in a manner similar to e-Emphasys's software.

48. Upon information and belief, EquipmentShare exercised domination and control over Innovative Equipment Services/Case Power, causing Innovative Equipment Services/Case

9

Power to breach its contractual obligation to pay e-Emphasys because it no longer needed e-Emphasys's software once EquipmentShare had developed its own software.

49. On or about September 27, 2022, e-Emphasys provided written notice to Mr. Marshall, Mr. Salberg, and Mark Wopata, EquipmentShare's Chief Data Officer and EVP of Finance, at their EquipmentShare email addresses that Case Power had significantly overdue invoices and requesting payment.

50. On or about October 23, 2023, e-Emphasys provided written notice to EquipmentShare that Case Power had materially breached its obligations under the MSA by failing to remit payment to e-Emphasys for amounts owed under invoices and demanded that Case Power cure its breach.

51. Neither EquipmentShare nor Innovative Equipment Services/Case Power responded to e-Emphasys's letter dated October 23, 2023, or cured the breach by paying the amounts owed.

52. Accordingly, on or about December 22, 2023, e-Emphasys provided written notice of default and termination of the MSA to EquipmentShare and demanded payment of all monies owed.

53. Neither EquipmentShare nor Innovative Equipment Services/Case Power responded to the December 22, 2023 written notice or paid the amounts owed.

54. On January 23, 2024, e-Emphasys mailed the December 22, 2023 letter to Schlacks in a final attempt to collect the amounts due under the MSA.

55. As of the date of the Complaint, neither EquipmentShare nor Innovative Equipment Services/Case Power has paid e-Emphasys the amounts due under the MSA.

10

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

56.    The allegations contained in all the preceding and subsequent paragraphs are realleged and incorporated by reference as if fully set forth herein.

57.    Pursuant to N.C. Gen. Stat. § 1-253, *et seq.*, and Rule 57 of the North Carolina Rules of Civil Procedure, this Court has the power "to declare rights, status, and other legal relations," in either the affirmative or negative," when such a declaration will "terminate the controversy or remove an uncertainty" in a case of actual controversy of a justiciable nature. *See* N.C. Gen. Stat. §§ 1-253, 1-256.

58.    As described more particularly above, an actual controversy exists between e-Emphasys and Defendants regarding whether Innovative Equipment Services/Case Power is the alter ego of EquipmentShare, and thus whether EquipmentShare is liable for the obligations incurred by Innovative Equipment Services/Case Power at issue in this Complaint.

59.    e-Emphasys contends that Innovative Equipment Services/Case Power is the alter ego of EquipmentShare and that, as a result, EquipmentShare is liable for the obligations incurred by Innovative Equipment Services/Case Power at issue in this Complaint.

60.    Upon information and belief, Defendants do not contend that Innovative Equipment Services/Case Power is the alter ego of EquipmentShare or that EquipmentShare is liable for the obligations incurred by Innovative Equipment Services/Case Power at issue in this Complaint.

61.    A declaration of rights pursuant to N.C. Gen. Stat. § 1-253, *et seq.* and Rule 57 of the North Carolina Rules of Civil Procedure would resolve the uncertainty to e-Emphasys caused by the actions and position of Defendants.

11

62. Pursuant to N.C. Gen. Stat. § 1-253, *et seq.*, e-Emphasys is entitled to a judgment declaring that Innovative Equipment Services/Case Power is the alter ego and mere instrumentality of EquipmentShare and that, as a result, the separate identities of Innovative Equipment Services/Case Power and EquipmentShare may be disregarded, and EquipmentShare may be held liable for the obligations incurred by Innovative Equipment Services/Case Power at issue in this Complaint.

**SECOND CLAIM FOR RELIEF**
**Breach of Contract – Against EquipmentShare and Innovative Equipment Services/Case Power**

63. The allegations contained in all of the preceding and subsequent paragraphs are realleged and incorporated by reference as if fully set forth herein.

64. The MSA is supported by adequate consideration and is a valid, binding, and enforceable contract.

65. e-Emphasys has fully performed its obligations under the MSA.

66. Innovative Equipment Services/Case Power materially breached the MSA by failing and refusing to pay the amounts due and owing to e-Emphasys and by such other and further breaches that may be learned in discovery and proven at trial.

67. Innovative Equipment Services/Case Power has not provided and does not have any legitimate justification for its refusal to fulfill its obligations under the MSA.

68. Upon information and belief, at all times relevant to this Complaint, EquipmentShare exercised complete domination and control over the business practices/decisions of Innovative Equipment Services/Case Power such that Innovative Equipment Services/Case Power had no separate mind, will or existence of its own and was the mere instrumentality of EquipmentShare.

69. Upon information and belief, EquipmentShare used such domination and control over Innovative Equipment Services/Case Power to cause Innovative Equipment Services/Case Power to wrongfully breach the MSA.

70. As a direct and proximate result of Innovative Equipment Services's/Case Power's and EquipmentShare's conduct, e-Emphasys has been damaged.

71. As the result of the above, EquipmentShare and Innovative Equipment Services/Case Power are jointly and severally liable for the damages caused by Innovative Equipment Services/Case Power.

72. e-Emphasys is entitled to recover all of its damages from EquipmentShare and Innovative Equipment Services/Case Power, jointly and severally, including but not limited to an amount of at least $560,700.00, plus other damages, interest, costs, attorneys' fees, in an amount to be proven at trial, and such other relief the Court may deem just and proper.

## ALTERNATIVE THIRD CLAIM FOR RELIEF
### Breach of Contract – Against Innovative Equipment Services/Case Power (in the Alternative)

73. The allegations contained in all of the preceding and subsequent paragraphs are realleged and incorporated by reference as if fully set forth herein.

74. The MSA is supported by adequate consideration and is a valid, binding, and enforceable contract.

75. e-Emphasys has fully performed its obligations under the MSA.

76. Alternatively, and to the extent that the Court concludes that Innovative Equipment Services/Case Power is not the alter ego and mere instrumentality of EquipmentShare or that EquipmentShare did not use its domination and control over Innovative Equipment Services/Case Power to cause Innovative Equipment Services/Case Power to wrongfully breach the MSA,

13

Innovative Equipment Services/Case Power materially breached the MSA by failing and refusing to pay the amounts due and owing to e-Emphasys and by such other and further breaches that may be learned in discovery and proven at trial.

77.     Innovative Equipment Services/Case Power has not provided and does not have any legitimate justification for its refusal to fulfill its obligations under the MSA.

78.     e-Emphasys is entitled to recover all of its damages from Innovative Equipment Services/Case Power, including but not limited to an amount of at least $560,700.00, plus other damages, interest, costs, attorneys' fees, in an amount to be proven at trial, and such other relief the Court may deem just and proper.

### **PRAYER FOR RELIEF**

WHEREFORE, e-Emphasys pray the Court for relief as follows:

1.     That the Court enter a judgment declaring that Innovative Equipment Services/Case Power is the alter ego and mere instrumentality of EquipmentShare, such that the separate identities of Innovative Equipment Services/Case Power and EquipmentShare may be disregarded, and that, as a result, EquipmentShare is liable for the obligations incurred by Innovative Equipment Services/Case Power at issue in this Complaint.

2.     For judgment in e-Emphasys's favor and an award of all damages suffered by e-Emphasys against EquipmentShare and Innovative Equipment Services/Case Power, jointly and severally, in an amount not less than $560,700.00, plus other damages including pre-judgment and post-judgment interest, costs and attorneys' fees;

3.     In the alternative, for judgment in e-Emphasys's favor and an award of all damages suffered by e-Emphasys against Innovative Equipment Services/Case Power in an amount not less than $560,700.00 and

14

4. For such other and further relief as the Court may deem just and proper.

This the 11th day of June, 2024

WYRICK ROBBINS YATES & PONTON LLP


/s/D. Scott Hazelgrove, II
D. Scott Hazelgrove, II
NC Bar No. 57618
shazelgrove@wyrick.com
Josey L. Newman
NC Bar No. 55284
jnewman@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

*Counsel for e-Emphasys Technologies, Inc.*

15