| | |
|---|---|
| **E-EMPHASYS TECHNOLOGIES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EQUIPMENTSHARE.COM INC and INNOVATIVE EQUIPMENT SERVICES 2 LLC d/b/a CASE POWER & EQUIPMENT OF FLORIDA,**<br><br>**Defendants.** | **ANSWER AND COUNTERCLAIM**<br>(Jury Trial Demanded) |

Defendants EquipmentShare.com Inc and Innovative Equipment Services 2 LLC hereby answer Plaintiff's complaint as follows:

1. Defendants admit that Plaintiff and Case Power & Equipment of Florida ("CPE") entered into a contract. Defendants deny the remaining allegations of this paragraph.

2. Admitted upon information and belief.

3. Admitted.

4. Admitted.

5. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations of the introductory portion of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

(a) Defendants admit that EquipmentShare's officers, agents, and/or employees had communications with e-Emphasys by telephone and email but deny that they initiated those communications. Except as specifically admitted, the allegations of this paragraph are denied.

(b) Defendants admit that EquipmentShare's agents and/or employees participated in conference calls and email exchanges with e-Emphasys to discuss and negotiate the contract. Except as specifically admitted, the allegations of this paragraph are denied.

(c) The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

(d) Admitted.

(e) Defendants admit that they made an ACH payment to Plaintiff. Defendants deny the remaining allegations of this paragraph.

(f) The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

(g) Admitted.

8. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants admit upon information and belief that e-Emphasys is located in Wake County, North Carolina.

11. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12. Denied.

13. Defendants admit that EquipmentShare organized Innovative Equipment Services 2 LLC ("IES2") on January 15, 2020, and that EquipmentShare's CEO, Jabbok Schlacks signed an application on January 12, 2022 to register Case Power as a fictitious name on behalf of IES2. Except as admitted, the allegations of this paragraph are denied.

2

14. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15. Admitted.

16. Denied.

17. Denied.

18. Admitted.

19. Denied.

20. Admitted.

21. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

22. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

23. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

24. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

25. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

26. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

27. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

3

28. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

29. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

30. The MSA is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Denied.

41. Defendants admit that IES2 made a payment to Plaintiff in or about March or April of 2022. The exact timing of the payment is still being investigated. To the extent not admitted, the remaining allegations of this paragraph are denied.

42. Defendants admit that after IES2 made a payment to Plaintiff in or about March or April of 2022, it did not make further payments to Plaintiff. The exact timing of the payment is still being investigated. To the extent not admitted, the remaining allegations of this paragraph are denied.

4

43. Denied.

44. Admitted.

45. Admitted.

46. Defendants admit that IES2 stopped paying e-Emphasys around the same time that The Victor L. Phillips Company ("VLP"), which is owned by EquipmentShare, stopped paying e-Emphasys under a separate contract. Except as admitted, the allegations of this paragraph are denied.

47. Denied.

48. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

49. Defendants admit that e-Emphasys sent an email to Mr. Marshall, Mr. Salberg, and Mark Wopata on September 27, that email is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied. Defendants deny that Mark Wopata was EquipmentShare's EVP of Finance.

50. Defendants admit that e-Emphasys's counsel provided a letter to IES2 regarding a "Notice of Default and Termination" on October 23, 2023. That letter is in writing and is the best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

51. Defendants admit that neither EquipmentShare nor IES2 directly responded to the October 23, 2023 letter from e-Emphasys's counsel and that Defendants have not made additional payments to e-Emphasys since April 2022.

52. Defendants admit that e-Emphasys's counsel provided a letter to IES2 regarding a "Notice of Default and Termination" on December 22, 2023. That letter is in writing and is the

5

best evidence of its substance. To the extent Plaintiff's allegations are inconsistent with the written document, they are denied.

53. Defendants admit that neither EquipmentShare nor IES2 directly responded to the December 22, 2023 letter from e-Emphasys's counsel and that Defendants have not made additional payments to e-Emphasys since April 2022.

54. Defendants lack sufficient information to admit or deny the allegations of this paragraph and therefor deny them. If e-Emphasys emailed a letter to Schlacks on January 23, 2024, that email and that letter would be in writing and would be the best evidence of their substance. To the extent the email and letter exist and Plaintiff's allegations are inconsistent with the written documents, they are denied.

55. Defendants admit that their last payment to e-Emphasys was in or around March or April 2022. Defendants deny that they owe e-Emphasys additional amounts.

56. The responses above are incorporated by reference in response to this paragraph.

57. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants state that the statute and rule cited by Plaintiff are in writing and are the best evidence of their substance. To the extent Plaintiff's allegations are inconsistent with the written statute and rule, they are denied.

58. Defendants admit that Plaintiff contends that IES2 is the alter ego of EquipmentShare.

59. Defendants admit that Plaintiff contends that IES2 is the alter ego of EquipmentShare.

60. Admitted.

61. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants state that the statute and rule cited by Plaintiff are in writing and are the best evidence of their substance. To the extent Plaintiff's allegations are inconsistent with the written statute and rule, they are denied. Except as specifically admitted, the allegations of this paragraph are denied.

62. Denied.

63. The responses above are incorporated by reference in response to this paragraph.

64. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

65. Denied.

66. Denied.

67. Denied.

68. Defendants admit that EquipmentShare exercises control over the business practices/decisions of IES2. Except as specifically admitted, the allegations of this paragraph are denied.

69. Denied.

70. Denied.

71. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

72. Denied.

73. The responses above are incorporated by reference in response to this paragraph.

74. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## AFFIRMATIVE DEFENSES

In further answer to the allegations of the Complaint, Defendants state the following:

### First Affirmative Defense

Plaintiff's claims are time-barred.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Third Affirmative Defense

Plaintiff's claims are barred because of the failure of consideration.

### Fourth Affirmative Defense

Plaintiff's claims are barred because of Plaintiff's prior material breach of contract.

### Fifth Affirmative Defense

Plaintiff's claims are barred because of Plaintiff's prior material breach of contract. Plaintiff's claims are barred because the contract upon which Plaintiff seeks recovery is unenforceable because it was signed under duress caused by Plaintiff, upon information and belief acting in concert with Trekker Tractor, the seller of the assets that became IES2.

## COUNTERCLAIM – BREACH OF CONTRACT

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000. Alternatively, the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

8

2. IES2 (doing business as Case Power & Equipment of Florida) and Plaintiff are parties to a Master Subscription Agreement (the "MSA").

3. According to the MSA Plaintiff was supposed to provide certain services to IES2 as ordered by IES2.

4. IES2 ordered those services on a form signed by the parties with an order date of December 8, 2021 and a signature date of December 16, 2021.

5. The services to be provided were the installation, implementation, and maintenance of enterprise resource management (ERP) software for IES2 to use for the following functions: Accounting, Accounts Receivable, Sales and Inventory Tracking, and Fixed Assets. The system was essentially already in place when IES2 purchased the assets of Trekker Group's Trekker Tractor locations because Plaintiff provided the same software to Trekker Group. However, when the changeover from the Trekker Group to IES2 needed to occur, it took Plaintiff two weeks to get IES2 a functional system causing EIS2 to work without a computerized ERP during that time.

6. By failing to implement the software that IES2 purchased in a timely manner, Plaintiff materially breached the MSA.

7. Plaintiff's breach of the MSA harmed IES2 in an amount to be determined at trial, but not less than $75,000.

Defendants/Counter-Claimants pray:

1. That this matter be tried before a jury.

2. That the Court enter judgment against Plaintiff on its claims.

3. That the Court enter judgment in favor of IES2 on its counterclaim.

4. That the Court order Plaintiff to pay damages to IES2 in an amount to be determined at trial but not less than $75,000.

5. That the Court order Plaintiff to pay Defendants' attorneys' fees.

9

6. That the Court award IES2 prejudgment interest.

7. That the Court award Defendants their costs.

8. For all other relief that is just and proper.

Dated: August 12, 2024

By:    /s/ John A. Zaloom            
John A. Zaloom (N.C. Bar No. 30557)
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Phone: (919) 286-8182 / Fax: (919) 416-8380
johnzaloom@mvalaw.com
***Attorneys for EquipmentShare.com Inc
and Innovative Equipment Services 2 LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **Answer and Counterclaim** with the Clerk of Court using the CM/ECF system, and that system will serve all counsel of record.

Dated: August 12, 2024

By: /s/ John A. Zaloom
John A. Zaloom (N.C. Bar No. 30557)
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Phone: (919) 286-8182 / Fax: (919) 416-8380
johnzaloom@mvalaw.com
*Attorneys for EquipmentShare.com Inc*
*and Innovative Equipment Services 2 LLC*